IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOE HUNSINGER, | § | |
|     Plaintiff, | § | |
| vs. | § | Civil Action No. 3:21-CV-2702-M-BH |
| | § | |
| TOT INVESTMENTS LLC, et al., | § | |
|     Defendants. | § | Referred to U.S. Magistrate Judge[1] |

## MEMORANDUM OPINION AND ORDER

Before the Court is the plaintiff's *Motion for Alternative Service*, filed January 5, 2022 (doc. 11). Based on the relevant filings and applicable law, the motion is **GRANTED**.

## I. BACKGROUND

On November 11, 2021, the plaintiff filed suit against both an individual and a corporate defendant under the Telephone Consumer Protection Act, 42 U.S.C. § 227 (TCPA). (*See* doc. 1.) He contends that the individual defendant is evading service, and he proffers an affidavit from a private process server detailing unsuccessful efforts to serve him at his business address and home address. (*See* doc. 12.) According to the plaintiff's evidence, after the private process server unsuccessfully sought to serve the defendant at the address listed for his business, he spoke with the defendant by telephone, and the defendant confirmed his home address. (*See id*.) The defendant then hung up on him after inquiring about the nature of the documents that the process server was seeking to deliver to him and being informed that they were legal in nature. (*See id*.) Shortly after that, the property manager advised the process server that he was not allowed on the property to serve the defendant, and the process server was subsequently no longer able to reach the defendant by telephone. (*See id*.) The plaintiff also proffers evidence that the individual defendant sent him an

---

[1] By *Special Order 3-251*, this *pro se* case has been automatically referred for full case management.

email as recently as three months ago. (*See id.*) He now seeks an order authorizing substituted service by regular United States mail to the defendant's confirmed home address and by email to the email address that the defendant used to communicate with him. (*See* doc. 11.)

## II. SUBSTITUTED SERVICE

Plaintiffs have the burden to ensure that defendants are properly served with summons and a copy of the complaint. Fed. R. Civ. P. 4(c)(1). When the defendant is an individual, Fed. R. Civ. P. 4(e) allows service to be effected by delivering a copy of the summons and the complaint to the individual personally, leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e)(2).

Rule 4(e) also allows for service on an individual according to the law of the state in which the district court is located. Fed. R. Civ. P. 4(e)(1). Texas law provides for service by delivering to the defendant in person, or by mailing to defendant by registered or certified mail, return receipt requested, a copy of the citation and a copy of the petition. Tex. R. Civ. P. 106(a). Upon motion supported by sworn statement, the court may authorize service (1) by leaving a copy of the citation and a copy of the petition with someone sixteen years of age or older at the location provided in the affidavit, or (2) in any other manner the court finds will be reasonably effective to give notice based on the affidavit and other evidence, "including electronically by social media, *email*, or other technology." *See* Tex. R. Civ. P. 106(b) (*emphasis added*). The supporting statement must state "any location where the defendant can probably be found" and the specific facts showing that traditional service has been attempted but unsuccessful. *See* Tex. R. Civ. P. 106(b).

As noted, the Texas rules now specifically allow substituted service by email where a plaintiff has shown that traditional service has been attempted but unsuccessful. *See* Tex. R. Civ.

P. 106(b). In addition, federal district courts in Texas have considered federal Rule 4(e) and Texas Rule 106(b) together in allowing substituted service by regular first class mail. *See FCCI Ins. Co. v. Marine Tech Serv.*, No. 4:20-cv-2716, 2020 WL 7647183, at *2 (S.D. Tex. Dec. 8, 2020) (noting that the court had authorized the plaintiff to serve the defendants by regular first class mail); *James Avery Craftsman, Inc. v. Sam Moon Trading Enterprises, Ltd.*, No. SA-16-cv-00463-OLG, 2018 WL 46888778, at *2 (W.D. Tex. July 5, 2018) (noting that the court had authorized substituted service by regular mail and email); *Mockingbird Dental Group., P.C. v. Carnegie*, No. 4:15-CV-404-A, 2015 WL 4231746, at *1-2 (N.D. Tex. July 10, 2015) (authorizing substituted service by regular U.S. mail but denying service by email under the prior version of Tex. R. Civ. P. 106(b), which did not expressly provide for service by electronic means).

Here, the plaintiff has provided an affidavit by his private process server attesting to his unsuccessful attempts to personally deliver the summons and complaint to the defendant at what was reported to be his business address, and at what the defendant later confirmed as his home address. The affidavit states that the defendant terminated the telephone call with the process server after being informed that the documents were legal in nature, that the process server was subsequently unable to reach the defendant by telephone, and that the property manager advised the process server that he would not be allowed on the property to serve the defendant. Based on the plaintiff's evidence, an alternative method of service is appropriate under Tex. R. Civ. P. 106(b). Service of a copy of the summons, the complaint, and this order, by email at the address that the defendant used to communicate with the plaintiff and by mail at his confirmed home address would be reasonably effective to give him notice of suit.

### III. CONCLUSION

The plaintiff's motion for substituted service is **GRANTED**. Service of a copy of the

summons, the complaint, and this order may be made on defendant Vincent Ajaegbu via email at vincent@totinvestments.com, and regular first class United States mail to 301 Nichols St., Apt. 201, Fort Worth, Texas 76102.  The plaintiff must serve the defendant and file proof of service within 21 days of the date of this order.

    **SO ORDERED** on this 6th day of January, 2022.

                                                 IRMA CARRILLO RAMIREZ
                                                 UNITED STATES MAGISTRATE JUDGE